**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52527**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 4, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JOSE FABRICO SANCHEZ | ) **OPINION AND SHALL NOT** |
| VAZQUEZ, | ) **BE CITED AS AUTHORITY** |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Randall S. Grove, District Judge.

Judgment of conviction and unified sentence of twenty years, with a minimum period of confinement of five years, for lewd conduct with a child under sixteen, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kierra W. Mai, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Neil Paterson, Deputy Attorney General, Boise, for respondent.

———————————

Before TRIBE, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

———————————

PER CURIAM

Jose Fabrico Sanchez Vazquez pled guilty to lewd conduct with a child under sixteen, Idaho Code § 18-1508. In exchange for his guilty plea, additional charges were dismissed. The district court imposed a unified term of twenty years with five years determinate. Sanchez Vazquez appeals, contending the district court abused its discretion when it imposed his sentence in light of substantial mitigating evidence. Specifically, he contends that the district court disregarded the presumption in I.C. § 19-2521 favoring probation when it stated that, for certain offenses, that presumption "becomes zero."

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. The district court did not disregard the presumption of probation based solely on Sanchez Vazquez's crime. Instead, it considered all the evidence presented, including the mitigating evidence, and determined that probation was not appropriate in this case. Therefore, Sanchez Vazquez's judgment of conviction and sentence are affirmed.